IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CURTIS BORCHARDT, Derivatively )
on Behalf of Nominal )
Defendant BB&T CORPORATION, )
 )
    Plaintiff, )
 )
    v. )      1:10CV261
 )
KELLY S. KING, CHRISTOPHER )
L. HENSON, DARYL N. BIBLE, )
BARBARA F. DUCK, CLARKE R. )
STARNES, EDWARD D. VEST, JOHN )
A. ALLISON IV, JENNIFER S. )
BANNER, ANNA R. CABLIK, NELLE )
RATRIE CHILTON, RONALD E. )
DEAL, TOM D. EFIRD, BARRY )
FITZPATRICK, J. LITTLETON )
GLOVER, L. VINCENT HACKLEY, )
JANE P. HELM, JOHN P. )
HOWE III, JAMES H. )
MAYNARD, ALBERT O. )
McCAULEY, J. HOLMES )
MORRISON, NIDO R. QUBEIN, )
TOM SKAINS, TOMMY THOMPSON, )
STEPHEN WILLIAMS, E. RHONE )
SASSER, )
 )
    Defendants, )
 )
    and )
 )
BB&T CORPORATION, )
 )
    Nominal Defendant. )

**ORDER**

This matter is before this court for review of the Recommendation of United States Magistrate Judge (Doc. 35)

("Report") filed on May 4, 2011, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that Nominal Defendant BB&T's ("BB&T") Motion to Dismiss (Doc. 24) be granted and this action be dismissed with prejudice. (Doc. 35.) The Report was served on the parties to this action on May 4, 2011, and Plaintiff filed timely objections (Doc. 38) to the Report. This court held a hearing on Plaintiff's objections on February 24, 2012, to address certain specific legal issues. (See Notice (Doc. 44).)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." Id.

In the Report, the Magistrate Judge found, inter alia, that Plaintiff had failed to allege with particularity facts that would support a finding that Plaintiff had made a threshold showing to permit discovery pursuant to N.C. Gen. Stat. § 55-7-44(d). As a result, the Magistrate Judge concluded that Plaintiff was not entitled to discovery prior to this court's consideration of BB&T's Motion to Dismiss. (Doc. 35 at 10.) At the hearing on Plaintiff's objections, both Plaintiff and

2

Defendants agreed that N.C. Gen. Stat. § 55-7-44(d) does not apply to the facts of this case. That statute, according to both parties, applies only to circumstances in which a "derivative proceeding is commenced after a determination has been made rejecting a demand by a shareholder" under the circumstances set forth in subsection (a) of the statute. N.C. Gen. Stat. § 55-7-44(d). Here those circumstances do not exist, as Defendants' compliance with subsection (a) is alleged to have occurred after the Complaint was filed. Both parties suggest that the decision to permit discovery, on the circumstances of this case, is discretionary and is not controlled by N.C. Gen. Stat. § 55-7-44(d). For purposes of this order only, this court accepts the parties' analysis.

BB&T's Motion to Dismiss is asserted pursuant to the statutory right of a corporation to secure dismissal of a derivative action under certain circumstances. See N.C. Gen. Stat. § 55-7-44(a) ("The court shall dismiss a derivative proceeding on motion of the corporation if . . . ."). To secure dismissal, the statute requires proof of three facts: 1) a majority vote of independent directors, 2) a good faith determination, and 3) a reasonable inquiry. See id. In support of its Motion to Dismiss, BB&T has submitted affidavits describing the names and background information of the directors serving on the committee, the investigative report of special

counsel, and the committee's findings that maintenance of the action was not in the best interest of the corporation.

Because BB&T is submitting, and this court is required to review, "evidentiary materials outside the scope of what the plaintiff has already included or incorporated into his or her complaint," and because the facts presented in support of the Motion to Dismiss arose after the filing of the Complaint, this court finds that limited discovery is appropriate and should be allowed.  See Halebian v. Berv, 644 F.3d 122, 132-33 (2d Cir. 2011).  That discovery is limited in scope to the issues specified in N.C. Gen. Stat. § 55-7-44(a) and summarized above.

This court therefore finds that further action on BB&T's Motion to Dismiss, the Report, and the objections to the Report should be stayed pending a period of discovery.  Upon completion of the discovery, Defendants shall file with this court a notice advising the court that discovery is completed.  Defendants may request further consideration of, and a ruling upon, the Motion to Dismiss, the Report, and the objections to the Report, or they may request additional briefing, if necessary, in support of the original Motion to Dismiss.  Whether or not Defendants request additional briefing, Plaintiff will be permitted to supplement its objections to the Report based on the discovery, and Defendants will be permitted to file a reply to any supplemental briefing by Plaintiff.

4

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that further briefing on Nominal Defendant BB&T's Motion to Dismiss (Doc. 24), the Report (Doc. 35), Plaintiff's objections to the Report (Doc. 38), and any other pending motion (see Def.'s. Mot. Dismiss (Doc. 5)) are stayed pending limited discovery in this matter.

**IT IS FURTHER ORDERED** that upon completion of such discovery as may be allowed by this court, Defendants shall file a notice with this court advising the court that discovery is completed. Defendants may request further consideration and a ruling by this court on the Motion to Dismiss, the Report, and the objections to the Report, as originally briefed, or Defendants may request additional briefing in support of the original Motion to Dismiss. Plaintiff will be provided with the opportunity to amend its objections to the Report as may be necessary following discovery, and Defendants will be permitted to file a reply to any amended briefing by Plaintiff.

**IT IS FURTHER ORDERED** that within twenty (20) days of the entry of this Order, counsel shall meet and confer in person to establish an appropriate plan of discovery based upon this Order and this court's construction of Plaintiff's claims. Local counsel may appear without out-of-state counsel at any conference. If the parties are able to agree upon a revised discovery plan, they may submit that plan for approval to this

5

court within ten (10) days of the conference in the form described in Fed. R. Civ. P. 26(f) and LR 16.2.  If the parties are unable to reach an agreement, they shall appear for a discovery conference before this court on April 30, 2012, at 9:30 a.m. in Greensboro Courtroom 1.

**IT IS FURTHER ORDERED** that BB&T's Motion to Stay (Doc. 7) is **DENIED** as **MOOT**.

This the 15th day of March 2012.

/s/ William L. Osteen, Jr.
United States District Judge